STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RONALD CARTER,
Plaintiff,

v.

HOME DEPOT, U.S.A., Inc.,
Defendant.

C.A. No. 04-6348

## COMPLAINT

1. This Complaint arises out of allegations of employment discrimination based on race and retaliation.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Rhode Island Fair Employment Practices Act, G.L. 1956 §§ 28-5-1 et seq. and the Rhode Island Civil Rights Act, G.L. 1956 §§ 42-112-1 et seq.

## PARTIES

3. Plaintiff, Ronald Carter (Plaintiff), is a citizen of the United States and a resident of the State of Rhode Island.

4. Defendant, Home Depot U.S.A., Inc. ("Defendant"), is a corporation duly licensed and doing business in Rhode Island.

## ADMINISTRATIVE PROCEDURES

5. On or about September 9, 2003, charges of employment discrimination on behalf of Plaintiff, based upon race and color, were filed with the Commission for Human Rights for the State of Rhode Island (Commission).

6. On or about September 2, 2004, the Commission issued a "Notice of Right To Sue" to Plaintiff.



(1)

7. This Complaint has been filed within ninety (90) days of the issuance of the Notice of Right to Sue.

## STATEMENT OF FACTS

8. Plaintiff is a black male.

9. Plaintiff began working for Defendant as an appliance sales specialist in June 2002.

10. During the time Plaintiff worked for Defendant, he was subjected to discrimination based upon his race.

11. The discrimination to which Plaintiff was subjected includes, but is not limited to, that which is contained in Paragraphs 12 through 26.

12. Plaintiff was often pulled out of his department and required to work in other departments. Instead of getting credit for this, Plaintiff's job performance was negatively impacted.

13. Plaintiff was given an evaluation, which he questioned, because it contained unfounded criticism and did not give him credit for things he had done. The evaluator, his immediate supervisor, told him he was pressured by a white store manager to put negative comments in Plaintiff's evaluation.

14. Plaintiff's schedule was changed. This was despite the fact that he had made it clear that he could not work the hours in the new schedule.

15. Plaintiff was disciplined for failing to work the new hours as alleged in Paragraph 14; unlike similarly-situated white employees.

16. Unlike similarly-situated white employees, Plaintiff believed he worked harder, yet he received less credit.

17. Plaintiff was written up by a white supervisor for failing to complete a task despite the fact that Plaintiff told the supervisor he was not able to do the task due to an injury.

18. Unlike similarly-situated whites, Plaintiff never received any awards or merit badges.

19. Plaintiff was told he was not taking lunch breaks at the appropriate times. Plaintiff explained that because he worked alone, it was not always possible to take lunch breaks when advised. Plaintiff's explanation made no difference.

20. No supervisory positions were ever posted. For example, the position of Department Manager opened up while Plaintiff worked for Defendant. Plaintiff inquired about the position a number of times and was repeatedly told it was going to be filled. The position remained open for a number of months.

21. The position referred to in Paragraph 20 was filled after Plaintiff's termination by a white male.

22. To no avail, Plaintiff complained to supervisors and Human Resources about the unequal treatment.

23. Plaintiff's last complaint was on or about June 24, 2003.

24. On June 30, 2003, Plaintiff was fired.

25. The reasons given by Defendants for the disparate treatment and for Plaintiff's termination are a pretext for discrimination and retaliation.

26. Upon information and belief, other black employees have also been subjected to disparate treatment.

27. Plaintiff always performed his duties and responsibilities in at least a satisfactory manner.

**COUNT I**

**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Disparate Treatment)**

28. Plaintiff incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

29. By the aforesaid actions, Defendant violated the FEPA.

30. Plaintiff is damaged as a proximate result of the Defendant's intentional conduct.

**COUNT II**

**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 §§ 42-112-1 et seq.**
**(Disparate Treatment)**

31. Plaintiff incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

32. By the aforesaid actions, Defendant violated the RICRA.

33. Plaintiff is damaged as a proximate result of the Defendant's intentional conduct.

**COUNT III**

**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Retaliation)**

34. Plaintiff incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

35. By the aforesaid actions, Defendant violated the FEPA.

36. Plaintiff is damaged as a proximate result of the Defendant's intentional conduct.

**COUNT IV**

**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 §§ 42-112-1 et seq.**
**(Retaliation)**

37. Plaintiff incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

38. By the aforesaid actions, the Defendant violated the RICRA

39. Plaintiff is damaged as a proximate result of the Defendant's intentional conduct.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

(1) declare that the Defendant's actions complained of are unlawful;
(2) order the Defendant to make the Plaintiff whole;
(3) order that the Defendant pay Plaintiff compensatory damages;
(4) order that the Defendant pay Plaintiff punitive damages;
(5) retain the jurisdiction of this action to ensure full compliance;

(6) order the Defendant to pay Plaintiff costs and expenses and reasonable attorney's fees;
(7) grant such other relief to Plaintiff as the court deems just and proper, including injunctive relief.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

Plaintiff,
By his attorneys,

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
170 Westminster Street, Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (Fax)

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RONALD CARTER,

Plaintiff,

v.

C.A. No. 04-6348

HOME DEPOT, U.S.A., INC.,

Defendant.

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

TO: Clerk
Superior Court for Providence County
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, a Notice of Removal (with attachments thereto) and a Notice to Opposing Counsel of Notice of Removal are being filed this day with the Clerk of the United States District Court for the District of Rhode Island. Copies of said Notice of Removal and Notice to Opposing Counsel of Notice of Removal are attached hereto as Exhibits A and B, respectively.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.,

By Its Attorneys,

Kristin E. Rodgers (mcd)
Mary C. Dunn

Kristin E. Rodgers #4842
Mary C. Dunn#6712
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, Rhode Island 02108
(401) 831 8900 (tele.)
(401) 751-7542 (fax)

Date: March 28, 2005

Of Counsel:

Robert P. Joy
Joseph P. McConnell (No. 5086)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666 (tele.)
(617) 367-3125 (fax)

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document has been furnished *via* first calss U.S. Mail on Carly Beauvais Iafiate, Esq. and Patricia E. Andrews, Esq., 170 Westminster Street, Suite 601, Providence, RI 02903 this 28th day of March 2005.

Deborah J. King