UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RONALD CARTER,

Plaintiff,

v. [redacted] C.A. No. 05 133 L

HOME DEPOT, U.S.A., INC.,

Defendant.

**NOTICE OF REMOVAL**

TO: The Honorable Judges of the
United States District Court
District of Rhode Island

Petitioner, Home Depot, U.S.A., Inc. (hereinafter "Defendant" or "Home Depot"), defendant in the above-entitled action, states:

1. Defendant desires to exercise its rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the Superior Court for Providence County, Providence, Rhode Island, in which said cause is now pending under the name and caption, *Ronald Carter, Plaintiff v. Home Depot, U.S.A., Inc., Defendant*, Civil Action No. 04-6348. Defendant was served a Summons and a copy of a Complaint in this action on or about March 8, 2005. A copy of the Summons and Complaint are attached hereto as Exhibit A.

2. The above-described action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this court by Defendant, pursuant to the provisions of 28 U.S.C. § 1441, wherein it is a civil action in which

(2)

the matter in controversy exceeds the sum or the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

3. Plaintiff Ronald Carter, at the time this action was commenced, was and still is a citizen of the State of Rhode Island. Defendant, at the time this action was commenced, was and still is a corporation organized under the laws of the State of Delaware, with a principal place of business in the State of Georgia, and was not and is not a citizen of the State of Rhode Island, the residence of the Plaintiff and the forum state in which this action was brought.

4. Defendant is filing this notice within thirty (30) days of service of the Summons and Complaint, as required by 28 U.S.C. § 1446.

5. Defendant will file a notice of filing this Notice of Removal and a copy of the Notice of Removal with the Clerk, Superior Court for Providence County, Licht Judicial Complex, 250 Benefit Street, Providence, Rhode Island 02903, pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit B.

6. Defendant will serve written notice to opposing counsel of the filing of this Notice of Removal, a copy of which is attached hereto as Exhibit C, and a copy of this Notice of Removal will be served on opposing counsel pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, Home Depot, U.S.A., Inc., prays that the above action now pending against it in the Superior Court for Providence County, Providence, Rhode Island, be removed therefrom to this Court.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.

By Its Attorneys

Kristin E. Rodgers (mcd)
Mary C. Dunn

Kristin E. Rodgers #4842
Mary C. Dunn #6712
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, Rhode Island 02108
(401) 831 8900 (tele.)
(401) 751-7542 (fax)

Date: March 28, 2005

Of Counsel:

Robert P. Joy
Joseph P. McConnell (No. 5086)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666 (tele.)
(617) 367-3125 (fax)

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document has been furnished *via* first class U.S. Mail on Carly Beauvais Iafiate, Esq. and Patricia E. Andrews, Esq., 170 Westminster Street, Suite 601, Providence, RI 02903 this 28th day of March 2005.

Deborah J. King

Louise Bottoms 3/10/05 @ 6:15pm

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
03/08/2005
Log Number 510023232

Rec'd by Lmm on 3/10/05

**TO:** Nancy Bunker
The Home Depot, Inc.
2455 Paces Ferry Road, Building C-8th Floor
Atlanta, GA, 30339-4024

**RE:** **Process Served in Rhode Island**

**FOR:** Home Depot U.S.A., Inc. (Domestic State: DE)

RECEIVED
MAR 09 REC'D
By LITIGATION

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ronald Carter, Pltf. vs Home Depot, U.S.A., Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Superior Court Providence/Bristol, RI<br>Case # 04-6346 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Providence, RI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/08/2005 at 15:37 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Days |
| **ATTORNEY(S) / SENDER(S):** | Patricia E. Andrews, Esq.<br>170 Westminster Street<br>Providence, RI, 02903 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790941470655 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 10 Weybosset Street - 9th Floor<br>Providence, RI, 02903 |
| **TELEPHONE:** | 401-861-7400 |

Page 1 of 1 / LP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[X] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 04-6348

RONALD CARTER
Plaintiff

HOME DEPOT, U.S.A., INC.
Defendant

***Summons***

*To the above-named Defendant:* HOME DEPOT, U.S.A., INC.

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Patricia E. Andrews, Esq. Plaintiff's attorney, whose address is 170 Westminster St., Suite 601 Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature], CLERK

Dated: March 2005

(Seal of the Superior Court)

TRUE COPY ATTEST
THOMAS NOURY
P.O. BOX 114026
NORTH PROVIDENCE, RI 02911
3/8/05
[signature]

S-135 (REV. 10/00)

# State of Rhode Island and Providence Plantations

.........................................,SC

## PROOF OF SERVICE

I hereby certify that on the ...................................... day of ................................................. I served a copy of this summons and a copy of the complaint received therewith upon ..........................................................................

..........................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,..........................................

.............................................................................................., with a person of suitable age and discretion then residing therein. (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ..........................................

.............................................................................................., with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..........................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..........................................................................................................................................

..........................................................................................................................................

..........................................................................................................................................

Sheriff's Fees

Travel .................... $....................

Service .................... $....................

$....................

..................................................
Deputy Sheriff

CIVIL ACTION

FILE NO. 04-6348

SUMMONS

SUPERIOR COURT

RONALD CARTER

VS

HOME DEPOT, U.S.A., INC.

Patricia E. Andrews #4321

ATTORNEY FOR PLAINTIFF

Serve

C.T. CORP SYSTEMS
10 Weybosset Street
Providence, RI 02903

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RONALD CARTER,
Plaintiff,

v.

HOME DEPOT, U.S.A., Inc.,
Defendant.

C.A. No. 04-6348

## COMPLAINT

1. This Complaint arises out of allegations of employment discrimination based on race and retaliation.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Rhode Island Fair Employment Practices Act, G.L. 1956 §§ 28-5-1 et seq. and the Rhode Island Civil Rights Act, G.L. 1956 §§ 42-112-1 et seq.

## PARTIES

3. Plaintiff, Ronald Carter (Plaintiff), is a citizen of the United States and a resident of the State of Rhode Island.

4. Defendant, Home Depot U.S.A., Inc. ("Defendant"), is a corporation duly licensed and doing business in Rhode Island.

## ADMINISTRATIVE PROCEDURES

5. On or about September 9, 2003, charges of employment discrimination on behalf of Plaintiff, based upon race and color, were filed with the Commission for Human Rights for the State of Rhode Island (Commission).

6. On or about September 2, 2004, the Commission issued a "Notice of Right To Sue" to Plaintiff.

7. This Complaint has been filed within ninety (90) days of the issuance of the Notice of Right to Sue.

**STATEMENT OF FACTS**

8. Plaintiff is a black male.

9. Plaintiff began working for Defendant as an appliance sales specialist in June 2002.

10. During the time Plaintiff worked for Defendant, he was subjected to discrimination based upon his race.

11. The discrimination to which Plaintiff was subjected includes, but is not limited to, that which is contained in Paragraphs 12 through 26.

12. Plaintiff was often pulled out of his department and required to work in other departments. Instead of getting credit for this, Plaintiff's job performance was negatively impacted.

13. Plaintiff was given an evaluation, which he questioned, because it contained unfounded criticism and did not give him credit for things he had done. The evaluator, his immediate supervisor, told him he was pressured by a white store manager to put negative comments in Plaintiff's evaluation.

14. Plaintiff's schedule was changed. This was despite the fact that he had made it clear that he could not work the hours in the new schedule.

15. Plaintiff was disciplined for failing to work the new hours as alleged in Paragraph 14; unlike similarly-situated white employees.

16. Unlike similarly-situated white employees, Plaintiff believed he worked harder, yet he received less credit.

17. Plaintiff was written up by a white supervisor for failing to complete a task despite the fact that Plaintiff told the supervisor he was not able to do the task due to an injury.

18. Unlike similarly-situated whites, Plaintiff never received any awards or merit badges.

19. Plaintiff was told he was not taking lunch breaks at the appropriate times. Plaintiff explained that because he worked alone, it was not always possible to take lunch breaks when advised. Plaintiff's explanation made no difference.

20. No supervisory positions were ever posted. For example, the position of Department Manager opened up while Plaintiff worked for Defendant. Plaintiff inquired about the position a number of times and was repeatedly told it was going to be filled. The position remained open for a number of months.

21. The position referred to in Paragraph 20 was filled after Plaintiff's termination by a white male.

22. To no avail, Plaintiff complained to supervisors and Human Resources about the unequal treatment.

23. Plaintiff's last complaint was on or about June 24, 2003.

24. On June 30, 2003, Plaintiff was fired.

25. The reasons given by Defendants for the disparate treatment and for Plaintiff's termination are a pretext for discrimination and retaliation.

26. Upon information and belief, other black employees have also been subjected to disparate treatment.

27. Plaintiff always performed his duties and responsibilities in at least a satisfactory manner.

## COUNT I

**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Disparate Treatment)**

28. Plaintiff incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

29. By the aforesaid actions, Defendant violated the FEPA.

30. Plaintiff is damaged as a proximate result of the Defendant's intentional conduct.

## COUNT II

**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 §§ 42-112-1 et seq.**
**(Disparate Treatment)**

31. Plaintiff incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

32. By the aforesaid actions, Defendant violated the RICRA.

33. Plaintiff is damaged as a proximate result of the Defendant's intentional conduct.

**COUNT III**

**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Retaliation)**

34. Plaintiff incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

35. By the aforesaid actions, Defendant violated the FEPA.

36. Plaintiff is damaged as a proximate result of the Defendant's intentional conduct.

**COUNT IV**

**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 §§ 42-112-1 et seq.**
**(Retaliation)**

37. Plaintiff incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

38. By the aforesaid actions, the Defendant violated the RICRA

39. Plaintiff is damaged as a proximate result of the Defendant's intentional conduct.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

(1) declare that the Defendant's actions complained of are unlawful;
(2) order the Defendant to make the Plaintiff whole;
(3) order that the Defendant pay Plaintiff compensatory damages;
(4) order that the Defendant pay Plaintiff punitive damages;
(5) retain the jurisdiction of this action to ensure full compliance;

(6) order the Defendant to pay Plaintiff costs and expenses and reasonable attorney's fees;
(7) grant such other relief to Plaintiff as the court deems just and proper, including injunctive relief.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

Plaintiff,
By his attorneys,

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
170 Westminster Street, Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (Fax)

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RONALD CARTER,

Plaintiff,

v.

C.A. No. 04-6348

HOME DEPOT, U.S.A., INC.,

Defendant.

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

TO: Clerk
Superior Court for Providence County
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, a Notice of Removal (with attachments thereto) and a Notice to Opposing Counsel of Notice of Removal are being filed this day with the Clerk of the United States District Court for the District of Rhode Island. Copies of said Notice of Removal and Notice to Opposing Counsel of Notice of Removal are attached hereto as Exhibits A and B, respectively.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.,

By Its Attorneys,

Kristin E. Rodgers (mcd)
Mary C. Dunn

Kristin E. Rodgers #4842
Mary C. Dunn#6712
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, Rhode Island 02108
(401) 831 8900 (tele.)
(401) 751-7542 (fax)

Date: March 28, 2005

Of Counsel:

Robert P. Joy
Joseph P. McConnell (No. 5086)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666 (tele.)
(617) 367-3125 (fax)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been furnished *via* first calss U.S. Mail on Carly Beauvais Iafiate, Esq. and Patricia E. Andrews, Esq., 170 Westminster Street, Suite 601, Providence, RI 02903 this 28th day of March 2005.

Deborah J. King

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RONALD CARTER,

Plaintiff,

v.

C.A. No. 04-6348

HOME DEPOT, U.S.A., INC.,

Defendant.

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

TO: Clerk
Superior Court for Providence County
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, a Notice of Removal (with attachments thereto) and a Notice to Opposing Counsel of Notice of Removal are being filed this day with the Clerk of the United States District Court for the District of Rhode Island. Copies of said Notice of Removal and Notice to Opposing Counsel of Notice of Removal are attached hereto as Exhibits A and B, respectively.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.,

By Its Attorneys,

Kristin E. Rodgers (mcd)
Mary C. Dunn

Kristin E. Rodgers #4842
Mary C. Dunn#6712
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, Rhode Island 02108
(401) 831 8900 (tele.)
(401) 751-7542 (fax)

Date: March 28, 2005

Of Counsel:

Robert P. Joy
Joseph P. McConnell (No. 5086)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666 (tele.)
(617) 367-3125 (fax)

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document has been furnished *via* first calss U.S. Mail on Carly Beauvais Iafiate, Esq. and Patricia E. Andrews, Esq., 170 Westminster Street, Suite 601, Providence, RI 02903 this 28th day of March 2005.

Deborah J. King

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RONALD CARTER,

Plaintiff,

v.

C.A. No. 04-6348

HOME DEPOT, U.S.A., INC.,

Defendant.

**NOTICE TO COUNSEL OF REMOVAL OF ACTION TO FEDERAL COURT**

To: Carly Beauvais Iafiate, Esq.
Patricia E. Andrews, Esq.
170 Westminster Street, Suite 601
Providence, Rhode Island 02903

PLEASE TAKE NOTICE that Defendant, Home Depot, U.S.A., Inc., in the above-captioned matter, has, on the 28th day of March 2005, filed in the United States District Court of the District of Rhode Island its Notice of Removal of the above-captioned action from the Superior Court, Providence County, Providence, Rhode Island (a copy of said Notice is attached hereto) to the United States District Court for the District of Rhode Island, at Providence, Rhode Island, together with copies of the Complaint filed by the Plaintiff in the Superior Court, Providence County, Providence, Rhode Island.

You are also advised that said Defendant, upon filing said Notice, filed a Notice of Removal to Federal Court with the Clerk, Superior Court, Providence County, Providence, Rhode Island, and attached thereto copies of the following: (1) Notice of Removal with exhibits

attached thereto; and (2) the Notice to Counsel of Removal of Action to Federal Court.

Such action has effected the removal of this action to the United States District Court for the District of Rhode Island in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446, and no further proceedings may be had in this state court action.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.

By Its Attorneys,

Kristen E. Rodgers (mcd)
Mary C. Dunn

Kristin E. Rodgers #4842
Mary C. Dunn #6712
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, Rhode Island 02108
(401) 831 8900 (tele.)
(401) 751-7542 (fax)

Date: March 28, 2005

Of Counsel:

Robert P. Joy
Joseph P. McConnell (No. 5086)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666 (tele.)
(617) 367-3125 (fax)

CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been furnished *via* first calss U.S. Mail on Carly Beauvais Iafiate, Esq. and Patricia E. Andrews, Esq., 170 Westminster Street, Suite 601, Providence, RI 02903 this 28th day of March 2005.

Deborah J. King