RHODE ISLAND JUDICIAL SYSTEMS AND SCIENCES DATE 03/29/2
SUPERIOR COURT CIVIL INFORMATION SYSTEM

05-133L

DOCKET EVENT LISTING

CASE NO.: PC2004 6348 TYPE CIVIL RIGHTS/JOB DISCRIMINATION
TITLE: RONALD CARTER V HOME DEPOT USA INC
FILING DATE: 11-24-2004 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

| | | | |
|---|---|---|---|
| CARTER,RONALD | PLF | Iafrate,Carly Beauvais | AOR |
| HOME DEPOT USA INC | BDF | Unknown,Attorney | AOR |

| DOC. ID. | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|
| JD | 03-28-2005 | | | |
| NOTICE OF REMOVAL | | | | |

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

(3)

STATE OF RHODE ISLAND
SUPERIOR COURT

CIVIL
CASE COVER SHEET

Case • (Filled in by Clerk's Office) 04-6348

This form must be filed with each original document that comences a civil proceeding in the Clerk's Office. If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will then be transferred with other documents to the Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| Ronald Carter | Home Depot U.S.A., Inc. |

NATURE OF PROCEEDING — Check the applicable case type under main categories listed below. (check one only)

**District Court Appeal** ☐ Yes (check type below)

| | | |
|---|---|---|
| ☐ AGA Agency appeal | ☐ DTP Deceptive trade practice | ☐ PRN Promissory note |
| ☐ ANT Anti-trust | ☐ EXT Excessive tax | ☐ PRT Partition |
| ☐ ASB Assault and battery | ☐ FOR Forfeiture | ☐ RIC Reinstate charter |
| ☐ BKA Book account | ☐ FRJ Foreign Judgment | ☐ RLP Real property |
| ☐ CIC Criminal inj. compensation | ☐ IDV Personal inj./property dam-vehicle | ☐ ROF Recovery of funds |
| ☐ CLA Common law assignment | ☐ INR Injunctive relief | ☐ SAB Sexual abuse |
| ☐ CLL Common law lien | ☐ IPL Interpleader | ☐ SPP Specific performance |
| ☐ CON Contract | ☐ LIB Libel/slander | ☐ SXH Sexual harassment |
| ☐ CNV Conversion | ☐ MLE Malpractice/legal | ☐ TAE Trespass and ejectment |
| ☐ CRC Criminal conversation | ☐ MME Malpractice/medical | ☐ TCO Title clearing (other than tax title) |
| ☒ CRJ Civil Rights Job Discrimination | ☐ MOT Malpractice/other | ☐ TCT Trustee/appt convey title |
| ☐ DEJ Declaratory judgment | ☐ PDM Property damage | ☐ TRA Trustee/accounting |
| ☐ DIN Recovery of damages/insurance | ☐ PDV Property damage / vehicle | ☐ UNM Uninsured motorist |
| ☐ DOJ Debt on judgment | ☐ PER Personal injury | ☐ WOM Mandamus. Writ of |
| ☐ DPC Denial of probate claim | ☐ PIV Personal injury-vehicle | ☐ WOR Replevin, Writ of |
| ☐ Other than above (specify type): | ☐ PRL Product liabilty | ☐ WRD Wrongful death |

MISCELLANEOUS PETITIONS

| | | |
|---|---|---|
| ☐ AOD Assessment of damages | ☐ EDP End partnership | ☐ PFR Petition for review |
| ☐ AOS Trustee successor | ☐ FOC Forfeiture of charter | ☐ PFS Perform surgery |
| ☐ AOT Trustee / appointment of | ☐ FRR Forclosure of right redemption | ☐ PIN Pet for inventory (wire tap) |
| ☐ ARA Arbitration award | ☐ GJI Grand jury investigation | ☐ PTD Pet to take deposition |
| ☐ CAR Arbitration /confirm | ☐ HAC Habeas corpus | ☐ PTE Petition to expunge |
| ☐ CFC Confirm compromise | ☐ MAW Material witness | ☐ R5A Rule 5A petition |
| ☐ CND Condemnation | ☐ MEL Mechanics lien | ☐ REC Receivership |
| ☐ CNT Contempt | ☐ OSW Out of state witness | ☐ RTA Arbitration referral |
| ☐ DOC Dissolution of corp. | ☐ PCR Post conviction relief | ☐ TCL Title clearing (tax title) |
| ☐ DOT Trustee / declination of | ☐ PFC Petition for constable | ☐ TLF Foreclosure / tax lien |
| ☐ DSC Disclaimer | ☐ PFI Petition for immunity | ☐ VAR Arbitration / vacate |
| ☐ Other than above (specify type): | | |

PROBATE APPEALS

☐ Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change

☐ Other than above (specify type):

Is this a case that may require a trial for resolution? ☒ Yes ☐ No If yes: ☐ Jury or ☐ Non-jury

( Attorney name and Registration #) Cary B. Isprate #6343 11/24/04 (Date)

Pro se/Name ______________________

True Copy Attest:
Henry S. Kinch, Jr.
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2004 NOV 24 P 12: 45

SC-223 (Rev. 6/00)

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RONALD CARTER,
Plaintiff,

v.

HOME DEPOT, U.S.A., Inc.,
Defendant.

C.A. No. 04-6348

## COMPLAINT

1. This Complaint arises out of allegations of employment discrimination based on race and retaliation.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Rhode Island Fair Employment Practices Act, G.L. 1956 §§ 28-5-1 et seq. and the Rhode Island Civil Rights Act, G.L. 1956 §§ 42-112-1 et seq.

## PARTIES

3. Plaintiff, Ronald Carter (Plaintiff), is a citizen of the United States and a resident of the State of Rhode Island.

4. Defendant, Home Depot U.S.A., Inc. ("Defendant"), is a corporation duly licensed and doing business in Rhode Island.

## ADMINISTRATIVE PROCEDURES

5. On or about September 9, 2003, charges of employment discrimination on behalf of Plaintiff, based upon race and color, were filed with the Commission for Human Rights for the State of Rhode Island (Commission).

6. On or about September 2, 2004, the Commission issued a "Notice of Right To Sue" to Plaintiff.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

CRJ
YJ
6343

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2004 NOV 24 P 12: 45



125557

7. This Complaint has been filed within ninety (90) days of the issuance of the Notice of Right to Sue.

**STATEMENT OF FACTS**

8. Plaintiff is a black male.

9. Plaintiff began working for Defendant as an appliance sales specialist in June 2002.

10. During the time Plaintiff worked for Defendant, he was subjected to discrimination based upon his race.

11. The discrimination to which Plaintiff was subjected includes, but is not limited to, that which is contained in Paragraphs 12 through 26.

12. Plaintiff was often pulled out of his department and required to work in other departments. Instead of getting credit for this, Plaintiff's job performance was negatively impacted.

13. Plaintiff was given an evaluation, which he questioned, because it contained unfounded criticism and did not give him credit for things he had done. The evaluator, his immediate supervisor, told him he was pressured by a white store manager to put negative comments in Plaintiff's evaluation.

14. Plaintiff's schedule was changed. This was despite the fact that he had made it clear that he could not work the hours in the new schedule.

15. Plaintiff was disciplined for failing to work the new hours as alleged in Paragraph 14; unlike similarly-situated white employees.

16. Unlike similarly-situated white employees, Plaintiff believed he worked harder, yet he received less credit.

17. Plaintiff was written up by a white supervisor for failing to complete a task despite the fact that Plaintiff told the supervisor he was not able to do the task due to an injury.

18. Unlike similarly-situated whites, Plaintiff never received any awards or merit badges.

19. Plaintiff was told he was not taking lunch breaks at the appropriate times. Plaintiff explained that because he worked alone, it was not always possible to take lunch breaks when advised. Plaintiff's explanation made no difference.

20. No supervisory positions were ever posted. For example, the position of Department Manager opened up while Plaintiff worked for Defendant. Plaintiff inquired about the position a number of times and was repeatedly told it was going to be filled. The position remained open for a number of months.

21. The position referred to in Paragraph 20 was filled after Plaintiff's termination by a white male.

22. To no avail, Plaintiff complained to supervisors and Human Resources about the unequal treatment.

23. Plaintiff's last complaint was on or about June 24, 2003.

24. On June 30, 2003, Plaintiff was fired.

25. The reasons given by Defendants for the disparate treatment and for Plaintiff's termination are a pretext for discrimination and retaliation.

26. Upon information and belief, other black employees have also been subjected to disparate treatment.

27. Plaintiff always performed his duties and responsibilities in at least a satisfactory manner.

## COUNT I

**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Disparate Treatment)**

28. Plaintiff incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

29. By the aforesaid actions, Defendant violated the FEPA.

30. Plaintiff is damaged as a proximate result of the Defendant's intentional conduct.

## COUNT II

**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 §§ 42-112-1 et seq.**
**(Disparate Treatment)**

31. Plaintiff incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

32. By the aforesaid actions, Defendant violated the RICRA.

33. Plaintiff is damaged as a proximate result of the Defendant's intentional conduct.

**COUNT III**

**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Retaliation)**

34. Plaintiff incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

35. By the aforesaid actions, Defendant violated the FEPA.

36. Plaintiff is damaged as a proximate result of the Defendant's intentional conduct.

**COUNT IV**

**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 §§ 42-112-1 et seq.**
**(Retaliation)**

37. Plaintiff incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

38. By the aforesaid actions, the Defendant violated the RICRA

39. Plaintiff is damaged as a proximate result of the Defendant's intentional conduct.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

(1) declare that the Defendant's actions complained of are unlawful;
(2) order the Defendant to make the Plaintiff whole;
(3) order that the Defendant pay Plaintiff compensatory damages;
(4) order that the Defendant pay Plaintiff punitive damages;
(5) retain the jurisdiction of this action to ensure full compliance;

(6) order the Defendant to pay Plaintiff costs and expenses and reasonable attorney's fees;
(7) grant such other relief to Plaintiff as the court deems just and proper, including injunctive relief.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

Plaintiff,
By his attorneys,

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
170 Westminster Street, Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (Fax)