**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**RONALD CARTER,**
**Plaintiff,**

**v.** **C.A. No. 05-133-L**

**HOME DEPOT, U.S.A., INC.,**
**Defendant.**

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, Home Depot, U.S.A., Inc. ("Home Depot" or "Defendant"), and for its answer to Plaintiff Ronald Carter's ("Plaintiff's") Complaint states as follows:

**COMPLAINT**

1. Paragraph 1 of Plaintiff's Complaint has an introductory paragraph containing a summary of the action being brought and alleged, and therefore requires neither an admission nor denial by Defendant. To the extent that paragraph 1 contains factual allegations, they are denied.

**JURISDICTION**

2. Paragraph 2 contains a statement of jurisdiction, not a factual averment, and therefore requires neither an admission nor denial by Defendant. To the extent that an admission or denial is required, the allegations contained in paragraph 2 are denied.

**PARTIES**

3. Defendant admits that Plaintiff is a United States citizen. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 3, and, accordingly, they are denied.

4. Defendant admits the allegations contained in paragraph 4.

5

5. Defendant admits that Plaintiff filed a charge alleging race and color discrimination with the Rhode Island Human Rights Commission. Defendant denies the remaining allegations contained in paragraph 5.

6. Defendant admits the allegations contained in paragraph 6.

7. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 7, and, accordingly, they are denied.

## STATEMENT OF FACTS

8. Defendant admits the allegations contained in paragraph 8.

9. Defendant admits that it employed Plaintiff beginning in June 2002. Defendant denies the remaining allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant admits that Plaintiff, as were all employees, was sometimes asked to assist in other store departments than that to which he was primarily assigned. Defendant denies the remaining allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant admits the allegations contained in the first sentence of paragraph 14. Defendant denies the remaining allegations contained in paragraph 14.

15. Defendant admits that Plaintiff was counseled for not working his assigned hours. Defendant denies the remaining allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant admits that Plaintiff was counseled for failing to work his scheduled hours. Defendant denies the remaining allegations contained in paragraph 19.

20. Defendant denies the allegations contained in the first sentence of paragraph 20. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 20, and, accordingly, they are denied.

21. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 21, and, accordingly, they are denied.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant admits the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

## COUNT I

**Rhode Island Fair Employment Practices Act ("FEPA")**
**G. L. 1956 §§28-5-1 *et. seq.***
**(Disparate Treatment)**

28. Defendant incorporates by reference its answers to paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

**COUNT II**

**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 §§42-112-1 *et. seq.***
**(Disparate Treatment)**

31. Defendant incorporates by reference its answers to paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

**COUNT III**

**Rhode Island Fair Employment Practices Act ("FEPA")**
**G. L. 1956 §§28-5-1 *et. seq.***
**(Retaliation)**

34. Defendant incorporates by reference its answers to paragraphs 1 through 33, inclusive, as though fully set forth herein.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

**COUNT IV**

**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 §§42-112-1 *et. seq.***
**(Retaliation)**

37. Defendant incorporates by reference its answers to paragraphs 1 through 36, inclusive, as though fully set forth herein.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

WHEREFORE, Defendant, Home Depot U.S.A., Inc., denies that Plaintiff is entitled to any of the relief requested against it and denies each and every allegation not heretofore

specifically admitted, and prays that this Court dismiss Plaintiff's Complaint with prejudice and award Defendant its costs, including reasonable attorneys' fees, and any other relief as this Court deems just.

**AFFIRMATIVE DEFENSES**

For further answer to Plaintiff's Complaint and by way of affirmative defense, Defendant states as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which any relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because he has failed to comply with administrative procedures that are a prerequisite to maintaining this action, including claims that are beyond the scope of his charge.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because of the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

All actions regarding Plaintiff's employment were taken for legitimate, non-discriminatory business reasons.

**FIFTH AFFIRMATIVE DEFENSE**

Although Defendant expressly denies any liability to Plaintiff, Plaintiff has failed to mitigate his damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

Complaint is barred in whole or in part because, at all relevant times, the actions of the Defendant were legal, proper, reasonable, and in conformity with all applicable Rhode Island and federal statutory, regulatory, and decisional law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred in whole or in part because Plaintiff's relationship with the Defendant was terminable at-will by either party.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged harassing or discriminatory behavior that may have occurred and/or because Plaintiff unreasonably failed to take advantage of the prevention and correction opportunities provided by Defendant.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that it is found by direct or circumstantial evidence that discriminatory intent in any way motivated the decision to terminate Plaintiff (which Defendant otherwise specifically denies herein), Defendant would have taken the same actions against Plaintiff but for such discriminatory intent or motive.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the exclusivity of the Rhode Island Fair Employment Practices Act.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the exclusivity of the Rhode Island Worker's Compensation Act.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves its right to add affirmative defenses as they become known.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.

By Its Attorneys,

Kristin E. Rodgers (#4842)
Mary C. Dunn (#6712)
BLISH & CAVANAGH
30 Exchange Terrace
Providence, Rhode Island 02108
(401) 831 8900

Dated: April 1, 2005

Of Counsel:

Robert P. Joy
Joseph P. McConnell (# 5086)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for plaintiff, Patricia E. Andrews, Esq. and Carly Beauvais Iafrate, Esq., 170 Westminster Street, Suite 601, Providence, RI 02903, by first-class U.S. mail this 1ST day of April 2005.